1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FANNIE MAE,

11          Plaintiff,                    No. 2:13-cv-0106 JAM KJN PS

12      vs.

13   NICHOLAS BLAIN & SCOTT
     SANDERS,
14
            Defendants.                   ORDER AND
15                                        FINDINGS AND RECOMMENDATIONS

16   _____/

17          This is an unlawful detainer action that was removed to this court by defendant

18   Nicholas Blain, proceeding without counsel, from San Joaquin County Superior Court, Lodi

19   Branch, on January 18, 2013.  (Dkt. No. 1.)[1]  Defendant Blain paid the filing fee.[2]

20   _____

21          [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).

22          [2] The notice of removal indicates that the state court action was filed only against
     defendant Nicholas Blain.  (Dkt. No. 1 at 2.)  However, the state court papers attached to the
23   notice of removal name both Nicholas Blain and Scott Sanders as defendants.  (Dkt. No. 1 at 11-
     19.)  For proper removal in a case involving multiple defendants, all defendants must consent to
24   the removal.  28 U.S.C. § 1446(b)(2)(A); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208,
     1224-25 (9th Cir. 2009).  Although individual consent documents from each defendant are not
25   required, the removing defendant must at least aver that all defendants consent to removal.  Id. at
     1225.  Nevertheless, because the court finds, as discussed below, that it lacks subject matter
26   jurisdiction over the action, it is unnecessary to further address this potential removal defect.

                                              1

1    A federal court has an independent duty to assess whether federal subject matter

2    jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

3    Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a

4    duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the

5    parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir.

6    1996).  Because subject matter jurisdiction may not be waived by the parties, a district court must

7    remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n,

8    Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v.

9    Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C.

10   § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

11   matter jurisdiction, the case shall be remanded").  For the reasons outlined below, the court finds

12   that it lacks subject matter jurisdiction over the action and recommends that the action be

13   remanded to state court.

14        In relevant part, the federal removal statute provides:

15        (a) Except as otherwise expressly provided by Act of Congress, any
          civil action brought in a State court of which the district courts of
16        the United States have original jurisdiction, may be removed by the
          defendant or the defendants, to the district court of the United
17        States for the district and division embracing the place where such
          action is pending.

18

19   28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

20   Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

21   "The removal statute is strictly construed against removal jurisdiction," id., and removal

22   jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance"

23   Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation

24   and quotation marks omitted).

25        A federal district court generally has original jurisdiction over a civil action when:

26   (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of

1  the United States" or (2) there is complete diversity of citizenship and the amount in controversy

2  exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

3          In regards to federal question jurisdiction, federal courts have "jurisdiction to

4  hear, originally or by removal from a state court, only those cases in which a well-pleaded

5  complaint establishes either that federal law creates the cause of action, or that the plaintiff's

6  right to relief necessarily depends on resolution of a substantial question of federal law."

7  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also

8  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he

9  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

10  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

11  the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091

12  (citation and quotation marks omitted).  "In determining the existence of removal jurisdiction,

13  based upon a federal question, the court must look to the complaint *as of the time the removal*

14  *petition was filed*."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002)

15  (citation and quotation marks omitted).  Mere reference to federal law is insufficient to permit

16  removal.  See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere

17  presence of a federal issue in a state cause of action does not automatically confer federal

18  question jurisdiction").  Also, defenses and counterclaims cannot provide a sufficient basis to

19  remove an action to federal court.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v.

20  Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d

21  815, 821-22 (9th Cir. 1985).

22          Here, removal cannot be based on federal question jurisdiction.  The state court

23  pleadings and papers attached to the removal notice establish that the state court action is nothing

24  more than a simple unlawful detainer action, and is titled as such.  (See Dkt. No. 1 at 17-19.)

25  Plaintiff, after apparently having acquired the subject real property in Lodi, California at a

26  foreclosure sale, is the owner of the property and is seeking to evict defendants, including

3

1  defendant Nicholas Blaine (a tenant or former tenant).  (Dkt. No. 1 at 15-19.)  This court has no

2  jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall

3  strictly within the province of the state court.

4       Defendant Blaine contends that federal question jurisdiction exists because

5  plaintiff's unlawful detainer claim is actually an artfully pled claim under the Protecting Tenants

6  at Foreclosure Act ("PTFA").  See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009).  The PTFA

7  "provides certain protections to tenants who reside in properties subject to foreclosure,"

8  including the requirement that a 90-day notice to vacate be given to bona fide tenants.  SD

9  Coastline LP v. Buck, 2010 WL 4809661, at **1-2 (S.D. Cal. Nov. 19, 2010) (unpublished).

10  However, plaintiff's complaint itself is strictly an action based on the California unlawful

11  detainer statutes, and defendant Blaine's reference to the PTFA is best characterized as a

12  potential defense or counterclaim, neither of which is considered in evaluating whether a federal

13  question appears on the face of a plaintiff's complaint.

14       Any defenses based on federal law must generally be raised in the state court

15  action (and if appropriate, pursued on appeal in the state appellate courts) and do not provide a

16  basis for removal.  "A case may not be removed to federal court on the basis of a federal

17  defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties

18  admit that the defense is the only question truly at issue in the case."  ARCO Envtl. Remediation,

19  LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir.

20  2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410 F.3d 1071,

21  1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on

22  a federal court, even if the defense is that of federal preemption and is anticipated in the

23  plaintiff's complaint.")  Indeed, federal courts have consistently rejected attempts to premise

24  federal subject matter jurisdiction on the 90-day notice provision of the PTFA.  See, e.g.,

25  Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished),

26  adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v.

4

1    Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP,

2    2010 WL 4809661, at **2-3; Aurora Loan Servs, LLC v. Martinez, 2010 WL 1266887, at *1

3    (N.D. Cal. Mar. 29, 2010) (unpublished).  Such rejection is based on the fact that an argument

4    relying on the PTFA's notice provision is an attempt to premise the court's subject matter

5    jurisdiction on a defense or counterclaim.[3]

6            Furthermore, this action cannot be removed on grounds of diversity jurisdiction.

7    First, the amount in controversy does not exceed $75,000, because plaintiff's complaint

8    specifically seeks $10,000 or less.  (Dkt. No. 1 at 19.)  Second, defendant Blaine is a citizen of

9    California, and therefore cannot remove the action from a California state court on the basis of

10   diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts

11   have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

12   laws of the United States shall be removable without regard to the citizenship or residence of the

13   parties.  *Any other such action shall be removable only if none of the parties in interest properly*

14   *joined and served as defendants is a citizen of the State in which such action is brought*")

15   (emphasis added).

16           Based on the aforementioned analysis, the court finds that it lacks subject matter

17   jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

18   CONCLUSION

19           For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

20           1.  The action be REMANDED to the San Joaquin County Superior Court;

21   ////

22   ////

23

24           [3]  Additionally, federal district courts have concluded that the PTFA does not create a
     federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank
25   Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished);
     Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at **2-4 (S.D. Cal. Oct. 1, 2010)
26   (unpublished).

2.  The Clerk of Court be directed to serve a certified copy of this order on the Clerk of the San Joaquin County Superior Court, and reference the state case number (39-2012-00289872-CL-UD-LOD) in the proof of service; and

3.  The Clerk of Court be directed to close this case and vacate all dates.

IT IS ALSO HEREBY ORDERED that the June 20, 2013 status (pre-trial scheduling) conference in this matter is VACATED.  If necessary, the court will reset the date of that conference.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATE:  January 22, 2013


_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE